### HAY v. CAROLINA &c. RAILWAY CO.

1. ·CHARGING JURIES—REQUESTS.—Where the proposition of law requested by appellant was substantially charged, the appellant has no ground for complaint.

2. IBID.—IBID.—In instructing the jury that they should not be governed by sympathy, but must decide the case according to the law as charged and the evidence·as they heard it, the trial judge in substance charged the jury that they must not be influenced by outside influence.

3. IBID.—IBID.—EXTRANEOUS FACTS.—There being no evidence of any gathering of the friends of the plaintiff about the court house, giving open expression of their opinion, the trial judge properly refused to charge, as requested, that such conduct was improper.

Before IZLAR, J., Barnwell, November, 1893.

Action by H. C. Hay against the Carolina Midland Railway Company, commenced September 26, 1893.

*Mr. Robert Aldrich*, for appellant.

*Messrs. Bellinger & Townsend* and *Howell, Murphy & Farrow*, contra.

July 26, 1894.  The opinion of the court was delivered by

MR. JUSTICE POPE. The plaintiff obtained a verdict for $5,000 against the defendant, for injuries inflicted while a passenger on the passenger train of defendant, on the 5th of February, 1892; which train was thrown down an embankment of said railroad owing to a defective, worn-out, and unsound car, and also owing to old and worn-out rails and rotten cross-ties. After judgment was duly entered thereon, the defendant appealed therefrom, alleging errors in the Circuit Judge in his refusal to charge certain requests preferred by the defendant.

The first exception complains that it was error on the part of the trial judge to refuse to charge, "that it was unlawful and also morally wrong for a jury to be influenced in finding their verdict by considerations of sympathy." An examination of the charge of the judge to the jury reveals the facts that the judge did charge the jury, "that you are not to be governed by sympathy in any decision you may render in this case. You are to decide it [the case] according to the law and the evidence." Again: "That you are not to decide this case by reason of sympathy for the defendant, or ill feeling which you may have against corporations or railroads. You are to decide this case according to the law as I shall give it to you, and the evidence as you heard it." The case, therefore, does not sustain this allegation of error, and the exception must be overruled.

The appellant in his second exception sets up: "That both parties to an action are entitled to equal consideration at the hands of the jury, and when it is deemed of sufficient importance by either party to make that proposition the subject of a request to charge, it is error of law in the presiding judge to refuse so to charge." The exception as made does not apply to any request to charge as disclosed by the "Case." This being so, our duty is at an end, so far as this exception is concerned. But to avoid the least semblance of technicality, we will suppose the appellant intended this exception to apply to his 20th request to charge, which was in these words: "That the plaintiff is no more entitled to the sympathy of the jury than the railway company is, the fact being that neither is." An observance of the quotations made from the charge itself, and

embodied in our consideration of the first exception, will show how careful the presiding judge was in his instructions to the jury, and how groundless is this exception.

The third and fourth exceptions relate to the twenty-first and twenty-second requests to charge, presented in the court below by appellant. "21. That it would be not only illegal, and contrary to the obligations of the jury, but disgraceful, for them to be influenced in the slightest degree by any outside influence in finding their verdict. 22. That the gathering of friends about the court house, and giving open expression of their opinions, is a violation of the rights of the parties, a contempt of court, and an insult to the jury." In answer to these requests, the Circuit Judge charged the jury: "So far as twenty-one and twenty-two are concerned, I only say this with reference to those requests: That you are not to be governed by sympathy in any decision that you may render in this case. You are to decide it according to the law and the evidence; and, so far as the request number twenty-two is concerned, there is no evidence in this case showing that any of the friends have been gathered about the court house giving open expression of their opinion, and all that sort of thing, as contained in that request; and, of course, it is not applicable to this case under the circumstances as I understand them, and, therefore, I decline to charge it, and charge the other one in the way I have; that you are not to decide this case by reason of the sympathy of the defendant, or ill feeling which you may have against corporations or railroads. You are to decide this according to the law as I shall give it to you, and the evidence as you have heard it."

The calm but firm answer of the Circuit Judge to the twenty-first request of appellant does not contain the words "illegal" or "disgraceful," but, nevertheless, it presents to the jury its duty to take the law from the court, and to find the facts from the testimony adduced before it. If the jury is thus controlled, it will not be influenced by "outside influence." We think the Circuit Judge, in his own words, it is true, and not in those suggested by the appellant, has answered the request. So far as the twenty-second request is concerned, the Circuit Judge

finds that no outside influence, so far as friends gathered in the court house at the trial giving open expression to their opinions on the merits of the controversy, has been made to appear in the testimony. Such being his conclusion, it is an end of the matter. Especially as no evidence to the contrary in any particular appears in the "Case." *Fell* v. *Dial*, 14 S. C., 247; *Fripp* v. *Williams*, 14 S. C., 510.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.